IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELICIA W., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:17-cv-2649-D-BN |
| § | |
| NANCY A. BERRYHILL, § | |
| DEPUTY COMMISSIONER FOR § | |
| OPERATIONS, performing the duties § | |
| and functions not reserved to the § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Felicia W. seeks judicial review of her claims for disability insurance benefits under Title II and supplemental security income payments under Title XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706.

Defendant Nancy A. Berryhill has filed a Motion to Dismiss (the "MTD"). *See* Dkt. No. 15.

Plaintiff has filed a response to the MTD. *See* Dkt. No. 17. The response included a Motion to Remand and a Motion to Seal Record. *See id*; Dkt. No. 18.

Defendant has not filed a reply to the MTD or a response to the Motion to Remand and Motion to Seal Record, and Defendant's time to do so has passed.

For the reasons explained below, the Court should grant in part and deny in part Defendant's Motion to Dismiss [Dkt. No. 15]; grant Plaintiff's Motion to Remand [Dkt No. 18]; and grant Plaintiff's Motion to Seal [Dkt No. 18].

## Background

Defendant "respectfully moves the Court to dismiss this case" because "Plaintiff has not exhausted her administrative remedies in this matter because the Commissioner has not yet rendered final decisions on her applications for disability insurance benefits and supplemental security income payments" and, "[t]herefore, the Court lacks jurisdiction to hear Plaintiff's appeal and should dismiss it." Dkt. No. 15 at 1. As Defendant explains,

> Plaintiff seeks judicial review of her claims for disability insurance benefits under Title II and supplemental security income payments under Title XVI of the Social Security Act (Act). However, as the Commissioner explains below, Plaintiff has not properly exhausted her administrative remedies. Because Plaintiff has not received a judicially reviewable "final decision," as 42 U.S.C. § 405(g) requires, the Court should dismiss her complaint for lack of subject matter jurisdiction.
> 
> The attached declaration of February 5, 2018, sets forth the procedural history in this matter. *See* Declaration of Cristina Prelle, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration (Declaration) at pp 1-4. On September 7, 2012, Plaintiff protectively filed an application for disability insurance benefits. *See* Declaration at p. 2. On May 22, 2013, the Commissioner denied Plaintiff's claim for disability insurance benefits at the initial level of administrative review. *See* Declaration at p. 2. On August 9, 2013, the Commissioner denied Plaintiff's claim for disability insurance benefits at the reconsideration level of administrative review. *See* Declaration at pp. 2-3.
> 
> On October 15, 2012, Plaintiff filed an application for supplemental security income. *See* Declaration at p. 3. The district office did not process Plaintiff's claim for supplemental security income. *See* Declaration at p. 3. Consequently, the state agency did not make an initial or reconsideration determination. *See* Declaration at p. 3.
> 
> On November 4, 2013, Plaintiff filed a request for hearing before an administrative law judge (ALJ). *See* Declaration at p. 3, Exhibit 2. On September 12, 2014, after conducting a hearing, an ALJ issued an unfavorable decision, finding Plaintiff not disabled with respect to her claim for disability insurance benefits. *See* Declaration at p. 3, Exhibit 3. The ALJ dismissed Plaintiff's request for hearing with respect to her

2

> claim for supplemental security income because the Commissioner had not yet rendered an initial or reconsideration determination on that claim. *See* Declaration at p. 3. Additionally, the ALJ recommended that the Social Security Administration forward Plaintiff's claim for supplemental security income to the state agency for a determination. *See* Declaration at p. 3.
>
> Thereafter, Plaintiff requested Appeals Council review of the ALJ's decision and dismissal. *See* Declaration at p. 3. On July 24, 2017, the Appeals Council issued a remand order on Plaintiff's claim for disability insurance benefits. *See* Declaration at p. 3, Exhibit 4. The Appeals Council remanded the case for further administrative proceedings and a new decision. *See* Declaration at p. 3, Exhibit 4. That claim is currently pending at the hearing office. *See* Declaration at p. 3.
>
> In a separate notice of action, dated July 24, 2017, the Appeals Council denied Plaintiff's request for review of her claim for supplemental security income. *See* Declaration at p. 3, Exhibit 5. That notice contained language that erroneously informed Plaintiff that she could file a civil action with respect to the ALJ's dismissal of her request for hearing. *See* Declaration at pp. 3-4, Exhibit 5 at p. 2.
>
> On September 27, 2017, Plaintiff filed the instant civil action. *See* Declaration at p. 4.

*Id.* at 1-3.

Plaintiff's response does not dispute that the Title II claim for disability insurance benefits is on remand and that the Commissioner has not issued an initial or reconsideration determination on her Title XVI claim for supplemental security income.

But, as to Plaintiff's claim for supplemental security income, Plaintiff points to three undisputed facts: (1) that the ALJ recommended protecting Plaintiff's supplemental security income application and forwarding that claim to the state agency for determination, *see* Dkt. No. 15-1 at 33-34 of 60; (2) that the Appeals Council agreed with the ALJ's recommendation as to Plaintiff's supplemental security income

3

application, *see id.* at 52 of 60; and (3) that, despite the ALJ and Appeals Council's agreement, Plaintiff's supplemental security income claim is still pending without a decision by the Commissioner. And Plaintiff maintains that, "[o]nly this Court can order the Commissioner to take action required by the Act." Dkt. No. 17 at 4 of 5.

Plaintiff asks the court to "enter judgment under sentence four of 42 U.S.C. § 405(g)" and remand this case "with instructions to adjudicate [Plaintiff]'s [supplemental security income] claim and issue a written determination." *Id.* at 4 of 5.

And, in the part of Plaintiff's response comprising her Motion to Seal, Plaintiff "asks the Court to seal the record, including Defendant's Motion and attachments." Dkt. No. 17 at 1.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

4

1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum

5

"constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

On a factual attack like Defendant's MTD here, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is

6

not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## Analysis

Where this case – including Defendant's MTD and its attachments – is already sealed, the Court should grant Plaintiff's Motion to Seal.

And, for the reasons and to the extent explained below, the Court should grant in part and deny in part Defendant's MTD and should grant Plaintiff's Motion to Remand.

I. **Defendant's MTD should be granted as to Plaintiff's claim for disability insurance benefits only.**

In her Complaint, Plaintiff asserts that the Court has subject matter jurisdiction over this action under the Social Security Act, 42 U.S.C. § 405(g); the statute conferring federal question jurisdiction, 28 U.S.C. §1331; and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. *See* Dkt. No. 1 at 1.

For the reasons explained below, the undersigned concludes that Plaintiff has established the Court's subject matter jurisdiction over her supplemental security income claim but not her disability insurance benefits claim.

    A. **The Court does not have subject matter jurisdiction over Plaintiff's claim for disability insurance benefits.**

Because there has been no "final decision" on Plaintiff's claim for disability insurance benefits, the Court does not have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. §1331.

7

42 U.S.C. § 405(g) and (h) vest federal courts with jurisdiction only over a "final decision" of the Commissioner of Social Security when dealing with claims "arising under" the Social Security Act. *See* 42 U.S.C. § 405(g)-(h); *cf. Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 & n.4 (5th Cir. 2018) (discussing Section 405 as it has been made applicable to Medicare). The United States Court of Appeals for the Fifth Circuit has explained that,

> [b]efore a federal court may exercise jurisdiction over an action pursuant to 42 U.S.C. § 405(g), the claimant must have exhausted his administrative remedies. *See Mathews v. Eldridge*, 424 U.S. 319, 327-28, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987). Jurisdiction is clearly limited to actions that amount to a "final decision" and "made after a hearing." *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975); *Harper*, 813 F.2d at 739. The term "final decision" is undefined in the Act, and the meaning of that term was left to the Social Security regulations. *Brandyburg v. Sullivan*, 959 F.2d 555, 559 (5th Cir. 1992). In this regard, we have explained the administrative steps leading up to a final decision as follows: (1) an individual files a claim with the SSA for initial determination; (2) a dissatisfied claimant must file a request for and receive reconsideration; (3) after obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ; (4) a dissatisfied claimant may request that the Appeals Council review the ALJ's decision. *Harper*, 813 F.2d at 739.

*Weeks v. Berryhill*, 694 F. App'x 340, 341 (5th Cir. 2017).

As to her claim for disability insurance benefits, Plaintiff's Complaint asks the Court to "reverse the decision of the Commissioner denying Plaintiff's Social Security disability benefits," Dkt. No. 1 at 3, because "the Commissioner's denial ... is not supported by the substantial evidence of record and because the Commissioner did not follow the required procedures and standards in the Act, the regulations promulgated

8

pursuant thereto, the Commissioner's own rulings and internal policies, and the case law ," *id.* at 2.

But Plaintiff's Complaint and the record submitted by Defendant and cited by Plaintiff in her response – which the Court may properly consider on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction – show that the decision denying Plaintiff's claim for disability insurance benefits is on remand and is not yet subject to a final decision.

And, even construing Plaintiff's arguments in her response to argue that exhaustion should be waived, *see generally Family Rehab.*, 886 F.3d at 501 ("When a plaintiff asserts a collateral challenge that cannot be remedied after the exhaustion of administrative review, courts shall deem exhaustion waived." (internal quotations and citation omitted)), exhaustion may not be excused here, where Plaintiff seeks a substantive review of the decision to deny benefits, *see id.* at 503 ("If the court must examine the merits of the underlying dispute, delve into the statute and regulations, or make independent judgments as to plaintiffs' eligibility under a statute, the claim is not collateral.").

Because Plaintiff has not exhausted her administrative remedies as to her claim for disability insurance benefits, the Court lacks subject matter jurisdiction over that claim.

Defendant's MTD should be granted as to Plaintiff's claim for disability insurance benefits.

9

B. **The Court has subject matter jurisdiction over Plaintiff's claim for supplemental security income.**

Plaintiff cites to 28 U.S.C. § 1331 and the APA – specifically, 5 U.S.C. § 706 – as grounds for this Court's exercising jurisdiction over her supplemental security income claim.

As one court within this district has explained,

> [t]he Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). *See also Brock v. Pierce County*, 476 U.S. 253, 260 n. 7, 106 S.Ct. 1834, 1839 n. 7, 90 L.Ed.2d 248 (1986) (noting that APA permits district court to compel agency action); *United States v. Popovich*, 820 F.2d 134, 137 (5th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987) (same). The APA, standing alone, does not provide a basis for the exercise of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). However, a federal district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute, in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *Sierra Club v. Glickman*, 156 F.3d 606, 617 (5th Cir.1998) (holding that suit to compel agency action could be brought under APA); *see also Hu v. Reno*, 2000 WL 425174 at *1 (N.D. Tex. Apr. 18, 2000); *Yu v. Brown*, 36 F.Supp.2d 922, 933 (D.N.M.1999); *Sze v. INS*, 1997 WL 446236 (N.D. Cal. July 24, 1997); *Fraga v. Smith*, 607 F. Supp. 517, 521 (D. Or.1985).
>
> The waiver of sovereign immunity under the APA is not absolute. An aggrieved person may not sue a federal agency when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see also Stockman v. Federal Election Comm'n*, 138 F.3d 144, 153-54 (5th Cir.1998).

*Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005); *see also Elmalky v. Upchurch*, No. 3:06-cv-2359-B, 2007 WL 944330, at *2 (N.D. Tex. Mar. 28, 2007); *Alsharqawi v. Gonzales*, No. 3:06 CV 1165 N, 2007 WL 1346667, at *2-3 (N.D. Tex. Mar. 14, 2007).

But federal courts are to invoke jurisdiction to compel agency action only when the circumstances clearly require judicial intervention:

> Much like mandamus relief [under 28 U.S.C. § 1361], such relief under the APA is considered an extraordinary measure. *See, e.g., Chromcraft Corp. v. E.E.O.C.*, 465 F.2d 745, 747 (5th Cir.1972) (explaining that " § 706 ... requires ... a showing of prejudice before agency action can be set aside for its lack of punctuality.").
>
> Because compelling agency action is an extraordinary remedy regardless of the statute from which the remedy derives, relief is appropriate, and jurisdiction lies, only when the plaintiff can establish "a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). The duty owed must be plainly defined, nondiscretionary, and free from doubt, and the act must be purely ministerial. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir.1997).

*Alsharqawi*, 2007 WL 1346667, at *2-3.

Plaintiff here has established jurisdiction because she has shown (1) a clear right to having her application for supplemental security income adjudicated (and within a reasonable time), (2) a clear duty by Defendant to do so, and (3) that no other adequate remedy exists. *See id.*

Addressing the second element first, Plaintiff has demonstrated a clear duty by Defendant to adjudicate Plaintiff's claim for supplemental security income within a

reasonable time. In her response to the MTD and Motion to Remand, Plaintiff points to 42 U.S.C. § 1383(c)(1)(A). Section 1383 provides in relevant part:

> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this title. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based. The Commissioner of Social Security shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual or eligible spouse and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits, or the amount of such individual's benefits, if such individual requests a hearing on the matter in disagreement within sixty days after notice of such determination is received, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing affirm, modify, or reverse the Commissioner's findings of fact and such decision.

42 U.S.C. § 1383(c)(1)(A).

By directing the Commissioner to decide the rights of an applicant, Section 1383 imposes on the Commissioner a clear, nondiscretionary duty to adjudicate applications for supplemental security income. *See Cf. Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-ORL, 2010 WL 5174498, at *11 (M.D. Fla. Dec. 15, 2010) (interpreting identical language in 42 U.S.C. § 405(b)(1) to find that "Defendant had a clear, nondiscretionary duty to provide Plaintiff with an administrative hearing"); *Bayliss v. Madden*, 204 F. Supp. 2d 1285, 1288 (D. Or. 2001) (same) (citing *White v. Mathews*, 559 F.2d 852, 858 (2d Cir.1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978)).

Defendant does not dispute that the Commissioner has a duty to issue an initial determination on Plaintiff's application for supplemental security income. Although Defendant filed no reply to the MTD or response to Plaintiff's Motion to Remand, Defendant agrees in her MTD that, "[u]nder the regulations, an individual who files applications for Title II and Title XVI benefits will receive an initial determination," Dkt. No. 15 at 4, and that it is the Commissioner who renders a decision regarding an applicant's claim for benefits, *see id.* at 5 ("[T]he Commissioner has not yet rendered a decision regarding Plaintiff's disability claims.").

Moreover, Defendant has a duty to adjudicate Plaintiff's application for supplemental security income within a reasonable time. Although Plaintiff points to no particular time period in which the Commissioner was required to act, under Section 555(b) of the APA described above, "when Congress fails to specify 'a time by which an adjudication should be made, … the necessary implication [is that] adjudication must occur within a reasonable time.'" *Alsharqawi*, 2007 1346667, at *4. (quoting *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)).

Second, Plaintiff has established her clear right to relief. "To present a clear and certain right to relief, [a plaintiff] must establish a prima facie case that [the defendants] have failed to adjudicate his applications within a reasonable time, and show that no other remedy exists." *Id.* (citing *Yu*, 36 F. Supp. 2d at 932).

Plaintiff's Complaint alleges that, although she filed an application for supplemental security income on October 15, 2012, the Commissioner has not adjudicated Plaintiff's claim for supplemental security income. *See* Dkt. No. 1 at 2. The

13

record submitted by Defendant and cited by Plaintiff in her response supports that allegation and demonstrates that the Commissioner has not processed Plaintiff's application for supplemental security income – despite the ALJ and the Appeals Council recommending that Plaintiff's claim be determined. *See* Dkt. No. 15-1 at 4, 34, & 52 of 60.

And Defendant – having filed no reply to the MTD or response to the Motion to Remand – gives no reason why Plaintiff's application for supplemental security income remains unaddressed more than five years after it was filed, nearly four years after the ALJ recommended the claim to be decided, and nearly one year after the Appeals Council agreed. Without opposition or explanation from Defendant, the undersigned concludes that the length of time that Plaintiff's application for supplemental security benefits has been without initial determination is unreasonable.

Third, Plaintiff has established that no other adequate remedy exists. Although the Social Security Act provides the channels a claimant must navigate to obtain social security benefits, and allows a claimant to obtain judicial review of "any final decision of the Commissioner," 42 U.S.C. § 405(g), the Act provides no recourse to an applicant stuck in limbo due to the Commissioner's failure to promptly adjudicate applications. *Cf. Alsharqawi*, 2007 Wl 1346667, at *5 (describing a similar process in the context of applications for adjustment of citizenship status). Under the APA, the only recourse for such an applicant is in the courts. *See* 5 U.S.C. § 706(1). "Therefore, ... neither the [Social Security Act] nor the APA afford applicants any means 'other than resort to this Court[ ] to challenge this alleged agency malfeasance.'" *Id. See generally Family*

14

*Rehab.*, 886 F.3d at 505-06 (explaining that where "a plaintiff seeks to compel an officer ... to perform an allegedly nondiscretionary duty owed to the plaintiff," the plaintiff is not required to exhaust her administrative remedies, and that, "for such requests, mandamus is plainly the appropriate means for relief" (internal quotations and citations omitted)).

Because Plaintiff has established a clear duty by Defendant to decide Plaintiff's application for supplemental security income within a reasonable time, Plaintiff's clear right to receive that decision within a reasonable time, and that no other adequate remedy is available, Plaintiff has carried her burden and established that jurisdiction is proper under the APA and 28 U.S.C. § 1331.

Defendant's MTD as to Plaintiff's claim for supplemental security income should be denied.

II.     Plaintiff's Motion to Remand should be granted.

In her Motion to Remand, Plaintiff asks the Court to "remand the [supplemental security income] claim with instructions to adjudicate." Dkt. No. 17 at 4 of 5. Defendant did not respond to the Motion to Remand.

As explained above, the APA allows federal courts to compel agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). And the standards for obtaining relief under Section 706 mirror those for establishing jurisdiction. *See Alsharqawi*, 2007 WL 1346667, at *2-3.

For the same reasons discussed above as to this Court's jurisdiction over Plaintiff's claim for supplemental security income, the undersigned concludes that

15

Plaintiff has established a clear duty by Defendant to decide Plaintiff's application for supplemental security income within a reasonable time, Plaintiff's clear right to the remedy she seeks here, and that no other adequate remedy is available.

Accordingly, the Court should grant Plaintiff's Motion to Remand and direct the Commissioner to issue a determination on Plaintiff's application for supplemental security income.

**Recommendation**

The Court should grant in part and deny in part Defendant's Motion to Dismiss [Dkt. No. 15] and dismiss only Plaintiff's claim for disability insurance benefits without prejudice for lack of subject matter jurisdiction. The Court should grant Plaintiff's Motion to Remand [Dkt. No. 18] and order the Commissioner to adjudicate Plaintiff's application for supplemental security income. The Court should grant Plaintiff's Motion to Seal [Dkt. No. 18] insofar as Social Security appeals are already maintained under seal in this jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE